UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS

JOSE RIGOBERTO IGLESIAS                                     NO.: 13-00119-BAJ-RLB

RULING AND ORDER

Before the Court is Defendant Jose Rigoberto's **Motion for New Trial and to Collect and Preserve Evidence. (Doc. 65.)** Also before the Court is the Defendant's **Amended Motion for New Trial Based on Newly Discovered Evidence.**[1] **(Doc. 83.)** Both motions seek an order from this Court granting the Defendant a new trial, primarily based on the Defendant's assertions that a key witness at trial gave false testimony under oath, and that the Government failed to produce information for impeachment purposes prior to the Defendant's trial. The motion is opposed. (Doc. 67, 90, 96.) The motion was heard with oral argument on June 6, 2014.

I.  Background

The Defendant was charged by way of a superceding indictment on November 20, 2013. (Doc.1.) He was charged with several counts of possession and distribution of a substance containing methamphetamine, as well as one count of conspiracy to possess and distribute detectable amounts of methamphetamine. (*Id.*) The Defendant entered a plea

---

[1] The Defendant also submitted a Second Memo in Support of Amended Motion for New Trial on June 20, 2014. (Doc. 95.)

of not guilty and his case proceeded to trial, where the Government produced physical evidence of the Defendant's involvement in drug trafficking, as well as testimonial evidence from witnesses who connected the Defendant to the drug conspiracy. On February 26, 2014, the Defendant was convicted by a jury on Counts One, Three, Four, Five, Six, Seven, and Eight of the Superceding Indictment.[2]

Since the trial, the Defendant has filed a Motion for New Trial and an Amended Motion for New Trial, alleging in both motions that one of the Government's key witnesses lied during her testimony about her drug use and criminal history. The Defendant also alleges that the Government failed to produce all evidence required under its discovery obligations, particularly information about the witness's misdemeanor summons for marijuana use issued to her during the period of time that she was acting as an informant in the investigation against the Defendant. The Defendant contends that, if he had been given this information prior to trial, it could have been used to impeach the witness and call her credibility into question before the jury.

The Government opposes both motions, asserting that it turned over all required discovery evidence in its possession to the Defendant prior to the trial and that, even if it had known of the witness's misdemeanor summons, the Defendant could have easily discovered this information on his own through due diligence. The Court heard oral argument on both motions on June 6, 2014, after which the parties submitted supplemental briefs for additional consideration.

---

[2] The jury could not reach a verdict on Count Nine. The Court struck Count Two before the case proceeded to the jury, after finding that the transaction alleged in that Count was outside the relevant dates of the conspiracy alleged.

II. Standard of Review

Federal Rule of Criminal Procedure 33(a) provides, in pertinent part: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a). "Such a standard requires the district court to balance the alleged errors against the record as a whole and evaluate the fairness of the trial." *United States v. McBride*, 862 F.2d 1316, 1319 (8th Cir. 1988). Rule 33 divides motions for new trial based on the interest of justice into two different subcategories: (1) motions based on newly discovered evidence; and (2) motions based on "other grounds." Where the Defendant alleges newly discovered evidence, motions for new trial are "disfavored and reviewed with great caution." *U.S. v. Wall*, 389 F. 3d 457, 467 (5th Cir. 2004) (citing *United States v. Erwin*, 277 F.3d 727, 731 (5th Cir.2001)).

The Fifth Circuit recognizes five prerequisites necessary to justify a new trial on the ground of newly discovered evidence. *Erwin*, 277 F.3d at 731-32. The defendant must show that "(1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence introduced at a new trial would probably produce an acquittal." *Id.* at 732. Regardless, the Fifth Circuit has routinely emphasized that "the trial court should not grant a motion for new trial unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." *Wall*, 389 F.3d at 466 (citing *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir.1997)). "A new trial is granted only

3

upon demonstration of adverse effects on substantial rights of a defendant." *Id.* (citing *United States v. Rasco*, 123 F.3d 222, 228 (5th Cir. 1997)).

III. Analysis

After a review of the record and the applicable law, the Court concludes that the Defendant's motions for new trial should be denied for the reasons advanced herein, as well as the relevant reasons cited by the Government in its memoranda in opposition. The Defendant has not presented to the Court any new evidence that would even remotely suggest that the Defendant was unjustly convicted by a jury, let alone reasons that would warrant a new trial.

A thorough review of the Defendant's submissions reveal that his sole argument for a new trial rests on his argument that one fact witness lied on the stand. Specifically, the Defendant takes issue with the witness allegedly lying about her drug usage on cross-examination and, more importantly, her failure to admit that she received a misdemeanor summons for marijuana usage while she was on felony probation. The Defendant contends that, had he been notified of this information, he could have attacked the witness's credibility. The Defendant also asserts that the Government was at least constructively aware of the misdemeanor summons because FBI case agents were working in connection with the local law enforcement officers responsible for the witness's summons. (Doc. 95, at 1.) Further, the Defendant asserts that the Government's failure to give him the witness's full name prior to trial prevented him from finding this information on his own.

The Court finds the Defendant's arguments to be unavailing. The Court is satisfied that the Government met its obligation in producing all relevant discovery concerning the

witness's identity and criminal background that was in its possession at the time of trial. The Government submitted evidence of its disclosures to the Defendant, dated before the trial, which indicate at least two variations of the witness's name that the Defendant could have used to research any information. *See* Docs. 90-1 through 90-8. Thus, the Court readily concludes that counsel for the Defendant was provided all relevant information necessary to conduct a comprehensive search that would have revealed the witness's arrest.

Nevertheless, for arguments sake, even if the Government had produced only one variation of the witness's name, it still would not excuse the Defendant from his obligation to exercise due diligence to obtain all information prior to trial. It is clear that, had the Defendant searched the criminal records in the applicable parish court prior to trial, as he ultimately did *after* the trial, he would have found the witness's information. The Defendant acknowledged this fact before the Court in oral argument. While it is noted that the Government has a firm and unyielding obligation to produce all relevant discovery to the Defendant prior to trial, such an obligation does not relieve the Defendant of his obligation to exercise due diligence in conducting his own discovery. The Court reaches the same conclusion regarding the Defendant's assertions that the FBI agents had knowledge of the witness's summons but failed to disclose it. In his motion, the Defendant fails to provide specific allegations of when the FBI allegedly received this information. Regardless of what the agents possibly knew of the witness's behavior, it still does not relieve the Defendant from his burden of due diligence. Thus, these assertions lack merit.

Moreover, the Court agrees with the Government that, regardless of whether the Defendant would have had this information prior to trial, such information is only cumulative in nature, and would not be material to the jury's weight of the witness's credibility. (Doc. 96, at 1.) The jury had a full opportunity to evaluate the testimony of the witness against the other evidence presented in the case, and they also were able to evaluate the witness on cross-examination. The witness admitted to the jury that she had been paid a sum of money for her cooperation in the investigation, that she had used and sold drugs in the past, and that she was currently on probation for a felony offense. The jury also had the benefit of hearing testimony from another witness who claimed to have used drugs with the witness in question. The Defendant was allowed to question the witness extensively about her past drug usage, her role in the alleged conspiracy, and whether she was receiving any benefit from the Government for her testimony at trial. As such, all of these factors taken into consideration, it is unclear what the Defendant would be able to achieve by questioning the witness about a misdemeanor summons received almost a year prior to her testimony before the jury.

Finally, and most significantly, the Defendant has not produced any evidence showing that the Defendant would have been exonerated, or that the jury would have likely reached a different verdict, had they been presented with the alleged after discovered evidence. Taken into consideration with all of the other evidence produced at trial, it is clear that information regarding the witness's misdemeanor summons would have made, at best, minimal impact on the jury's decision. Indeed, it is axiomatic in the Fifth Circuit that "[i]t is the sole province of the jury, and not within the power of [the

court], to weigh conflicting evidence and evaluate the credibility of witnesses." *U.S. v. Green*, 180 F.3d 216, 220 (5th Cir. 1999). Nothing offered by the Defendant suggests that the jury did not weigh all of the conflicting testimony presented.

The Court concludes that there are no factors which would warrant a new trial. The Defendant has not produced any "newly" discovered evidence that would require a finding that the Defendant's rights were prejudiced at the trial conducted in February of 2014, and that a new trial would likely produce an acquittal.

IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant Jose Rigoberto's **Motion for New Trial and to Collect and Preserve Evidence (Doc. 65)** is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's **Amended Motion for New Trial Based on Newly Discovered Evidence (Doc. 83)** is **DENIED**.

Baton Rouge, Louisiana, this 2nd day of September, 2014.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA